31 C.C.P.A.(Patents)

## In re THOMPSON.
### Patent Appeal No. 4811.

Court of Customs and Patent Appeals.
Dec. 7, 1943.

William H. Atkinson, of San Francisco, Cal. (George C. Baldt and Charles E. Riordon, both of Washington, D. C.), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting all of the claims, 8 to 12 inclusive, of an application for a patent for an alleged invention relating to an advertising device.

It is stated in the specification that the device relates particularly to the back cover of a magazine or pamphlet which is periodically mailed to subscribers, and that the object of the invention is to provide a new and improved advertising format which includes a detachable business reply card which is part of the said cover.

On the outer side of the card appears a message to the advertiser and the address of the subscriber to the magazine, and on the inner side appears the advertiser's address and a postal permit imprint. If a subscriber desires to communicate with the advertiser, it is only necessary to tear the card from the cover and mail it. The advantage of the device is said to be that the card will be received by each subscriber to the magazine and the mailing list thereof is available to the advertiser.

Claim 8 is illustrative of the appealed claims and reads as follows: "8. A periodical magazine, comprising a plurality of leaves bound between two cover forming sheets, a major portion of the outside face of one cover sheet carrying advertising printed matter, and a smaller portion of said outside face carrying a printed message concerning the advertising and on which the name and address of a subscriber is applied after the magazine is printed and bound, the inside face of said one cover sheet having in back of the smaller portion of the outside face a postal permit imprint and the address of the advertiser, and said sheet being provided with a severance line between said major and said smaller portions, whereby the smaller portion bearing the message, the subscriber's name and address, and the address of the advertiser may be severed from said one cover sheet and mailed to the advertiser without requiring postage or any writing on the part of the subscriber."

The examiner rejected the claims upon the following references: Kittredge, 443,-141, December 23, 1890; Bartmann et al. (Swiss), 28,596, July 15, 1903; Unger, 1,-957,374, May 1, 1934.

The claims were rejected on Kittredge or Bartmann et al. in view of Unger and were further rejected as unpatentable over the Kittredge or Bartmann et al. refer-

ences, and in his statement the examiner held that patentability cannot be predicated only on printed matter, as set forth in the claims, but must reside in physical structure, citing In re Sterling, 70 F.2d 910, 21 C.C.P. A., Patents, 1134.

The Board of Appeals affirmed the decision of the examiner rejecting the claims as unpatentable over the cited prior art, but reversed the examiner's holding that the claims set forth only printed matter, stating that they may be regarded as defining an article of manufacture.

The Kittredge patent relates to "Advertiser's Reply-Coupons" printed in newspapers and pamphlets in which advertisements appear. The coupon or slip is in the form of a card which is printed and ready to mail to the advertiser upon the application of a stamp and the sender's name and address.

The Swiss patent relates to an advertising leaflet provided with a detachable travel ticket. Its purpose is said to have been to force the traveling public to take the advertising matter along on the trip, thereby being afforded the opportunity of reading it.

The Unger patent relates to advertising devices particularly adapted for large scale mail advertising campaigns. It comprises a blotter for ordinary hand use bearing the advertisement of the sender and having incorporated therein a return mailing card detachable from the blotter, preaddressed to the sender on its under side and having on the exposed side the address of the recipient. The latter address is arranged so as to be visible through an opening in the envelope in which the blotter is mailed. It is stated in the specification that the side of the card bearing the address of the sender may bear indicia indicating the prepaid character of the return card, and the exposed face of the card may bear on its upper portion a reply message. Thus it will be seen that the receiver of the advertisement, if he so desires, may merely detach the card from the blotter and mail it.

The appellant contends that the claims are patentable for the reason that the mailing card portion which contains the name and address of the subscriber serves in the first place to direct the magazine to the subscriber, and subsequently when detached from the cover will furnish the advertiser with the name and address of the subscriber by merely mailing the return card portion and thus automatically establish an association between the magazine publisher, the subscriber and the advertiser, and reduce to a minimum the effort required for a follow-up.

Clearly there is no invention over the prior art in using a part of a magazine cover to form a return mailing card, nor in the mere fact that it is not necessary for the subscriber to affix a postage stamp or write his name on the card.

It appears to us that the physical structure of the reply card defined in the application is substantially the same as that which is shown in the card of the Unger patent. The only difference we are able to perceive between the Unger reference and the present application is that the card of the former would not be applied to the cover of a periodical magazine. In that patent as well as in the present case the article is addressed to the person sought to be reached by the advertisement and the reverse side of the card bears the address of the advertiser so that it may be simply detached and dropped in the mail box. In our opinion it would make no patentable difference whether the card is prepaid or requires the placing of a stamp thereon by the addressee.

The prior art, in our opinion, clearly discloses that the use of reply cards bearing a message from the advertiser and having the name of the recipient printed thereon is old, and it can make no patentable difference whether such card appears anywhere in a magazine, newspaper or other publication or advertising medium.

For the reasons herein set forth the decision of the Board of Appeals is affirmed.

Affirmed.